UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.T., et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>        Defendants. | Case No. 23-cv-06524-LJC<br><br>**ORDER TO SHOW CAUSE WHY REQUESTS TO COMPEL DISCOVERY SHOULD NOT BE DENIED**<br><br>Re: Dkt. No. 221 |

At 5:34 PM on December 8, 2025, Defendants filed a letter seeking to compel production of documents by non-party witness H.H., non-party witness Suzanne Schaefer (the guardian of Plaintiff S.H.), and Plaintiff Jack Brundage, all of whom are represented by Plaintiffs' counsel. ECF No. 221. As Defendants recognize, the cutoff for that category of discovery was December 1, 2025.[1] Under Civil Local Rule 37-3, discovery-related motions must be filed no later than seven days after an applicable discovery cutoff, unless otherwise ordered, so the day that Defendants filed their letter was the deadline to bring such a motion. Defendants filed this letter unilaterally "in order to preserve these issues for the motion to compel deadline." ECF No. 221 at 1 n.1. Defendants stated that they intend to "file a corrected version tomorrow [i.e., December 9, 2025] with Plaintiffs' portion . . . in order to avoid the imposition and inconvenience of evening work on all counsel and their staff." *Id.* The parties met and conferred on this dispute by

---

[1] The Court previously adopted a stipulation to allow "sixty days from the date the amended complaint is filed to conduct fact discovery (including depositions and written discovery) regarding Mr. Brundage and S.H. as named plaintiffs." ECF No. 207. Plaintiffs filed their Corrected Second Amended Class Action Complaint on October 2, 2025, sixty days before December 1, 2025. ECF No. 209. Sixty days after that date was December 1, 2025. A subsequent stipulation to extend the deadlines for certain depositions and related motions specified that it would "[o]therwise maintain[] the current case schedule, including the fact discovery cutoff of December 1, 2025." ECF No. 219 at 2.

1  videoconference on December 8, the same day that Defendants filed their letter. The parties have
2  not yet filed a joint letter that includes Plaintiffs' or the non-party witnesses' positions.
3      As the parties are well aware, this Court's Civil Standing Order includes the following
4  requirements (among others) for discovery disputes:

> All discovery disputes before the Court shall proceed as follows: when there is a discovery dispute, the parties must first make a good faith effort to resolve the dispute before seeking Court intervention. After attempting to address the issue(s) via letter, phone call, and/or email, any party or non-party may demand a formal meet and confer within two weeks' notice. Counsel for each party must meet and confer in person or by videoconference. A mere exchange of letters, e-mails, or telephone calls does not satisfy the meet and confer requirement. If disagreements remain, the parties shall file a joint letter no later than five business days after the formal meet and confer, unless otherwise directed by the Court. Lead trial counsel for both parties must sign the letter, which shall include an attestation that the parties met and conferred in person or by video regarding all issues prior to filing the letter.

Civil Standing Order for Magistrate Judge Lisa J. Cisneros, § F.5. "In the rare instance that a joint letter is not possible, each side may submit a letter not to exceed two pages, which shall include an explanation of why a joint letter was not possible." *Id.*

Due to the parties' past difficulties in preparing joint letters, the Court previously issued an Order Regarding Process for Joint Filings in this matter. ECF No. 110. That Order did not set a specific period of time between the parties' prefiling conference and filing a joint letter, but provided that the party seeking discovery should provide its portion of a letter promptly after the parties confer, the opposing party generally "should respond within two business days," and the parties would then "have a period of time to provide additional changes to their respective positions." *Id.* at 1. Then, "[a]bsent other agreement, the parties shall exchange revised drafts with any additional changes to their respective portions no later than 12 noon on the date that the joint discovery letter is to be filed," exchange further revisions no later than 3:00 PM, and file the letter no later than 5:00 PM. *Id.* at 1–2. That protocol thus contemplates at least a few days between the parties' conference and filing a letter, with a final exchange of positions to occur on the day of filing.

By waiting until the day of the filing deadline to meet and confer, Defendants do not

appear to have raised their requests to compel further production with sufficient time left to submit a timely joint letter that complies with this Court's Standing Order.  Perhaps there are good reasons for their delay that warrant a late submission, but no such reason is apparent from the current record.[2]  Defendants are therefore ORDERED TO SHOW CAUSE why these requests should not be denied as either procedurally improper under the Standing Order (with respect to the unilateral letter that has been filed) or untimely (with respect to the presumably still forthcoming joint letter).  Defendants should address the "good cause" standard to modify a scheduling order under Rule 16, which requires a showing of diligence.  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Defendants shall file a letter brief not exceeding two pages in response to this Order no later than December 12, 2025.  Plaintiffs (together with the non-party witnesses with whom they share counsel) may file a letter brief by the same deadline if they wish to be heard on this issue.  This Order should not be construed as preventing the parties from filing a joint letter as foreshadowed in Defendants' unilateral letter, or as modifying any agreement that the parties may have reached to do so.  Any such joint letter must be filed no later than December 12, 2025.  But the Court will consider the merits of that letter only if the Court is satisfied that Defendants raised the requests at issue on a timely basis or have shown sufficient cause for their failure to do so.

**IT IS SO ORDERED.**

Dated: December 10, 2025

LISA J. CISNEROS
United States Magistrate Judge

---

[2] The Court notes Defendants' assertion that H.H. produced documents "late on Friday, 12/5/2025." ECF No. 221 at 1.  That could perhaps justify the delay in raising a dispute with respect to H.H., but the current record does not include sufficient information to determine whether Defendants acted diligently to secure production of those documents before the December 1, 2025 discovery cutoff.  Defendants' letter includes no justification for the timing of their disputes with respect to Schaefer and Brundage.